UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRON ESTUARDO GOMEZ-JUAREZ (A# 221-489-803),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*,<br><br>Respondents. | Case No.  2:26-cv-01098-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 8, 10)<br><br>**14-Day Objection Period** |

Petitioner Jairon Estuardo Gomez-Juarez ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on March 25, 2026, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  At the time of the filing of the petition, Petitioner was in custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center in California City.  *Id*. ¶ 7.  Petitioner filed a motion for temporary restraining order ("TRO") that same day.  (Doc. 2).  The Court directed Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in similar cases.  (Doc. 4).

On March 27, 2026, Respondents filed a response to the order to show cause.  (Doc. 6).  On March 31, 2026, the Court converted the motion for TRO into a motion for preliminary injunction, granted it, and ordered Respondents to release Petitioner immediately.  (Doc. 8).  The presiding

1

district judge referred the matter to the undersigned for further proceedings. *Id*. at 2 n.1, 3.

On April 1, 2026, the undersigned ordered Respondents to file either any supplemental briefing on the merits of the petition or a statement of intent to file no further briefing. (Doc. 9). On April 8, 2026, Respondents filed a statement of intent to file no further briefing. (Doc. 10).

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. In opposing the motion for TRO, Respondents argued only that Petitioner's detention was lawful because it was mandated by statute (8 U.S.C. § 1225(b)) and Petitioner was not entitled to any freedom from detention apart from what is provided by that statute. The presiding district judge rejected those arguments in his order granting a preliminary injunction. Because Respondents now advance no different arguments in connection with consideration of the merits of the petition, the undersigned finds that the petition should be granted. *See* (Doc. 8 at 1-2).

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.

2. The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

*Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 29, 2026**

_____
UNITED STATES MAGISTRATE JUDGE